# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

SHAKUR AHA,

        Plaintiff,

v.

                **MEMORANDUM OPINION**
                     **AND ORDER**
               Civil File No. 20-cv-2274 (MJD/HB)

MINNESOTA VETERANS HOME
AND MINNESOTA DEPARTMENT
OF VETERANS AFFAIRS,

        Defendants.

Shakur Aha, <u>pro se</u>.

Leah M. Tabbert, Assistant Attorney General, Counsel for Defendants.

## I.    INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss Under

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. No. 17.)

## II.    BACKGROUND

This is an action brought by Plaintiff Shakur Aha against the Minnesota

Veterans Home and Minnesota Department of Veterans Affairs for claims of  (1)

assault, (2) "discrimination" under the Civil Rights Act of 1964, (3) intentional

infliction of emotional distress, (4) libel, (5) slander, and (6) "damage to

reputation." (Doc. No. 10, ¶¶ 7–12.)

Plaintiff alleges that while employed at the Minnesota Veterans Home, he

was assaulted by the Head of Security and other co-workers, was discriminated

against by his supervisors because of his ethnic background, was subjected to

intentional infliction of emotional distress by a coworker through racial slurs,

was libeled by supervisors through untruthful performance reviews, and

slandered by supervisors resulting in damage to his reputation through untrue

statements about Plaintiff's sexual orientation and history of personal abuse. (Id.

at ¶ 7–12.) Plaintiff requests $50 million in "pain and suffering relief" and $100

million in punitive damages. (Id. at ¶33.)

Defendants move to dismiss all claims for lack of subject-matter

jurisdiction and for failure to state a claim upon which relief may by granted

under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Defendants request

dismissal of claims (1) and (3)–(5) (hereinafter "Plaintiff's tort claims") as

recovery is barred by the State of Minnesota's Eleventh Amendment immunity.

(Id.)  Defendants request dismissal of claim (2) (hereinafter "Plaintiff's

employment discrimination claim") as Plaintiff failed to exhaust administrative remedies as required by the Civil Rights Act of 1964.  (Id.)  On March 4, 2021, Plaintiff filed a notice with the Court stating a "[n]otice to sue" was being mailed to him and that he would receive the notice "in a week or two." (Doc. No. 33).

## III.    DISCUSSION

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted.  In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true.  Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

In deciding a motion to dismiss, the Court considers the complaint and "materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.  For example, courts may consider matters of public record, orders, items appearing in the

3

record of the case, and exhibits attached to the complaint." Greenman v. Jessen,

787 F.3d 882, 887 (8th Cir. 2015) (citations omitted).

"The handwritten pro se document is to be liberally construed. . . . [A] pro

se complaint, 'however inartfully pleaded,' must be held to 'less stringent

standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429

U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519 (1972)).  However, the

plaintiff "still must allege sufficient facts to support the claims advanced." Stone

v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

A party may also move to dismiss for lack of subject matter jurisdiction.

Fed. R. Civ. P. 12(b)(1).  "The existence of subject matter jurisdiction in federal

court is a question of law subject to *de novo* review." Keene Corp. v. Cass, 908

F.2d 293, 296 (8th Cor. 1990).  The Court must first determine whether the motion

is a "facial attack" or a "factual attack" on the Court's jurisdiction.  Branson

Label, Inc. v. City of Branson, Mo., 793 F.3d 910, 914 (8th Cir. 2015).

> In a facial attack, "the court merely [needs] to look and see if plaintiff has
> sufficiently alleged a basis of subject matter jurisdiction."  Accordingly,
> "the court restricts itself to the face of the pleadings and the non-moving
> party receives the same protections as it would defending against a motion
> brought under Rule 12(b)(6)."  Conversely, in a factual attack, "the
> existence of subject matter jurisdiction [is challenged] in fact, irrespective
> of the pleadings, and matters outside the pleadings, such as testimony and
> affidavits, are considered."  Thus, the nonmoving party would not enjoy

4

the benefit of the allegations in its pleadings being accepted as true by the reviewing court.

Id. (internal citations omitted).

A challenge to the Court's subject matter jurisdiction based on Eleventh Amendment immunity is a facial attack; therefore, the Court restricts its analysis to the face of the pleadings.

### A.    Plaintiff's Tort Claims

The Eleventh Amendment provides "a state with immunity from suit in federal court by citizens of other states and by its own citizens." Skelton v. Henry, 390 F.3d 614, 617 (8th Cir. 2004) (referencing U.S. Const. amend. XI). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "A state agency or official may invoke the State's Eleventh Amendment immunity if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.'" Hadley v. N. Ark. Cmty. Tech. Coll., 76 F.3d 1437, 1438 (8th Cir. 1996) (quoting Pennhurst State Sch. & Hosp., 465 U.S. at 123 n.34). Here, the named defendants are the Minnesota Department of Veterans Affairs and its

Minnesota Veterans Home, which are an executive branch agency of the State of Minnesota.  See Minn. Stat. § 196.01.

"The state may waive its Eleventh Amendment immunity only by 'the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'"  Mayer v. Univ. of Minn., 940 F. Supp. 1474, 1476 (D. Minn. 1996) (quoting Edelman v. Jordan, 415 U.S. 651, 673 (1974)).  There is no indication Minnesota has waived its Eleventh Amendment immunity to the tort claims asserted by Plaintiff.  See Hoeffner v. Univ. of Minn., 948 F. Supp. 1380, 1392-93 (D. Minn. 1996); DeGidio v. Perpich, 612 F. Supp. 1383, 1388-89 (D. Minn. 1985).  As a result, Plaintiff's tort claims are barred by the Eleventh Amendment and must be dismissed under 12(b)(1). Pennhurst State Sch. & Hosp., 465 U.S. at 121.

### B.    Plaintiff's Employment Discrimination Claim

Plaintiff has asserted an employment discrimination claim under Title VII of the Civil Rights Act of 1964.  See 42 U.S.C. § 2000e-5(f)(1).  The Court has subject matter jurisdiction over this claim because Congress waived all states' Eleventh Amendment immunity under Title VII.  Fitzpatrick v. Bitzer, 427 U.S. 445, 456-457 (1976).

"Before the federal courts may hear a discrimination claim, an employee must fully exhaust her administrative remedies." <u>Burkett v. Glickman</u>, 327 F.3d 658, 660 (8th Cir. 2003); <u>see also</u> <u>Smith v. Brennan</u>, No. 20-cv-00498 (SRN/DTS), 2020 WL 7232288, at *6 (D. Minn. Dec. 8, 2020).  "Administrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter." <u>Faibisch v. Univ. of Minn.</u>, 304 F.3d 797, 803 (8th Cir. 2002) (citing <u>Williams v. Little Rock Mun. Water Works.</u>, 21 F.3d 218, 222 (8th Cir. 1994)); <u>see also</u> <u>Teekasingh v. Medtronic, Inc</u>., No. 11–cv–3336 (SRN/JJG), 2012 WL 2244792, at *3 (D. Minn. June 15, 2012).  "[E]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts."  <u>Shannon v. Ford Motor Co.</u>, 72 F.3d 678, 684 (8th Cir. 1996) (quoting <u>Williams</u>, 21 F.3d at 222).

In Plaintiff's response to Defendants' motion to dismiss, Plaintiff stated that he had "filed with EEOC." (<u>See</u> Doc. No. 25.)  In his Amended Complaint, however, Plaintiff did not allege he had exhausted his administrative remedy at the time of filing his Amended Complaint or that he had received a right-to-sue

letter.  Title VII provides that an employee may only bring a civil action within ninety days *after* receiving a right to sue letter from the commission.  42 U.S.C. § 2000e-5(f)(1)   On the record before the Court, there is no evidence Plaintiff has received a right-to-sue letter.  In fact, Plaintiff concedes he has not yet obtained a right-to-sue letter.  (Doc. No. 33.)  Because Plaintiff has failed to demonstrate that he has exhausted his administrative remedies, dismissal of his Title VII claim is warranted.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. No. 17] is **GRANTED**.  This matter is DISMISSED WITHOUT PREJUDICE.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  March 19, 2021

s/Michael J. Davis
Michael J. Davis
United States District Court